THE SACHEM.

HILL v. THE SACHEM.

(District Court, S. D. New York. February 15, 1894.)

SEAMEN'S WAGES—DISCHARGE ABROAD—IRREGULAR HEARING BEFORE CONSUL.
    Where, on the question of the competency of a seaman, there has been a hearing before a consul, and a proper record preserved of his decision and judgment, it is ordinarily entitled to full credence; but, where there has been no hearing, no judgment, and no record, a forced discharge abroad is illegal, and it is no defense that it was abetted by irregular action of the consular office.

In Admiralty. Libel for seamen's wages. Decree for libelant.

R. J. Moses, for libelant.

Wing, Shoudy & Putnam and Mr. Burlingham, for respondents.

BROWN, District Judge. The evidence of incompetency of the libelant as cook, is not, to my mind, satisfactory. It is certain that after the arrival of the ship at Hong Kong, the captain was determined to get rid of the libelant as cook; and it is equally certain that the consul, before whom both went, endeavored to favor the captain's wishes, while he at the same time refused to afford the libelant any opportunity to prove his capacity or fitness for the place. The captain made no charges against him in the log until after the seaman had been sent ashore. The alternative was forced upon him, either to go back on board the ship and be disrated, or else to be discharged at Hong Kong; and that, without any hearing on the merits. This was an injustice to the libelant, and apparently an abuse by the consul of his position and influence.

Where a hearing has been had on the merits, on the demand of the master, or the seaman, and a proper record preserved of the consul's decision and judgment, discharging the seaman, it is ordinarily entitled to full credence, notwithstanding the contradictions made by the seaman afterwards, such as I have not unfrequently had in previous cases. In the present case, there was no hearing, no judgment, and no record, so far as the testimony shows. The libelant was paid $200, his wages up to the moment of discharge, which he received under protest. Such a forced discharge, with no hearing on the merits, at a distant place, and with no pay beyond the day of discharge, is inhumane and opposed to the policy and the statutes of this country, (Rev. St. § 4580;) and it is no defense that it was abetted, so far as appears, by the irregular action of the consular office. The libelant was unable to obtain employment to return from Hong Kong, and took passage for San Francisco at an expense of $196, and thence to New York, at an expense of $91.50. To this I add one month's wages, $40, all of which, with interest, amounts to $347.15, for which a decree may be entered, with costs.